**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MURRAY COUNTY RURAL WATER
DISTRICT NO. 1, an agency and legally
constituted authority of the State of
Oklahoma,

      Plaintiff-Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF MURRAY, STATE OF
OKLAHOMA,

      Defendant-Appellee.

No. 00-7040
(D.C. No. CIV-99-337-P)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, Senior Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**ANDERSON**, Senior Circuit Judge.[**]

---

On July 7, 1999, Murray County Rural Water District No. 1 ("District"), an agency

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and condition of 10th Cir. R. 36.3.

[**]After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause
is therefore ordered submitted without oral argument.

of and a legally constituted authority of the State of Oklahoma, brought suit in the United States District Court for the Eastern District of Oklahoma against the Board of County Commissioners of the County of Murray, State of Oklahoma ("County"), alleging that under 7 U.S.C. § 1926(b) and 82 OKLA. STAT. § 1324.10(8) it had the right to install its pipelines in and under a right of way owned by the County and that the County had refused to allow it to so do.  Specifically, the District sought to install approximately 3600 feet of 8-inch pipe and 1680 feet of 6-inch pipe on the County's right of way.  In Count 1 of its complaint, the District alleged a violation of 42 U.S.C. § 1983;[1] in Count 2 it sought declaratory judgment; in Count 3 it sought an injunction; and in Count 4 it alleged that the County had breached its obligation under 82 OKLA. STAT § 1324.10(8) by refusing to allow it to install its pipelines within the County's right of way.

Skipping ahead, on March 3, 2000, a magistrate judge granted the County's "motion to dismiss" and on that same date entered judgment for the County and against the District.

Since there is some complaint in this court about the propriety of the proceedings leading up to the final judgment, we should first review the chronology of the case.  After the complaint was filed on July 7, 1999, the County, on August 2, 1999, filed a "Special

---

[1]In Count 1, the District alleged that it had "a federal right under Title 7 U.S.C. § 1926(b) to be protected from any curtailment or limitation of its rights to sell water within its 'Territory.' "

Appearance Motion to Dismiss," and a brief in support thereof, wherein the County alleged, *inter alia,* that under 7 U.S.C. § 1926(b) there was no "federal question" and the district court lacked subject matter jurisdiction. On August 12, 1999, the District filed a response and objection to the County's motion to dismiss. On August 18, 1999, the District filed a motion for partial summary judgment, with a supporting brief, seeking, *inter alia,* a summary judgment declaring that the County had violated the District's rights under 7 U.S.C. § 1926(b) and that it had the right to place its pipeline within the County's right of way. On August 19, 1999, the County filed a "Supplement to Motion to Dismiss," and a brief in support thereof, alleging that the District had no standing to proceed against the County, since the Board of County Commissioners had not, as such, ever formally voted to deny the District's request. On August 25, 1999, the District filed a response to the County's Supplement to Motion to Dismiss. On August 25, 1999, the district court, by minute order and apparently without explanation, denied the County's Motion to Dismiss and its Supplement to Motion to Dismiss.

On August 31, 1999, the County filed a response to the District's motion for partial summary judgment and in that response again moved the district court to dismiss the District's complaint on the grounds that it failed to state a "federal question" and that the court lacked subject matter jurisdiction. By minute order the district court on September 2, 1999, struck the County's response to the District's motion for partial summary judgment and its renewed motion to dismiss on the grounds that "combined pleadings"

are prohibited by Local Rule 7.1(B). On September 8, 1999, the County filed an application to file, out of time, a response to the District's motion for partial summary judgment. On September 10, 1999, the district court granted that motion. On September 13, 1999, the County filed its response, to which the District filed a reply on September 17, 1999.

On October 25, 1999, the parties consented to having the matter referred to Magistrate Judge Payne to conduct any and all further proceedings, as provided by 28 U.S.C. § 636(c) and (c)(3).

On October 26, 1999, the magistrate judge entered an order that all pending motions were stricken, to be "reurged" under a new scheduling order. On November 3, 1999, the District filed a "reurged" motion for partial summary judgment. So far as we can ascertain, no other "reurging" motions were filed.

As indicated, on March 3, 2000, the magistrate judge entered an order wherein he stated that "before the court is Plaintiff's motion for partial summary judgment, Defendant's response to said motion and motion to dismiss, and Plaintiff's reply." It was in this procedural setting that on March 3, 2000, the magistrate judge granted the County's motion to dismiss and entered judgment for the County and against the District. In so doing, the magistrate judge concluded that under 7 U.S.C. § 1926(b), the District "has no federal question cause of action" against the County. Notice of appeal was thereafter filed on March 24, 2000.

We regard the central issue in this case to be whether the district court under 7 U.S.C. § 1926(b) had subject matter jurisdiction. This is not a diversity case and the question is whether under 7 U.S.C. § 1926(b), the District had presented a federal question which would establish subject matter jurisdiction in the United States District Court for the Eastern District of Oklahoma.

7 U.S.C. § 1926(b) provides as follows:

> **(b) Curtailment or limitation of service prohibited**
> The service provided or made available through any such association shall not be curtailed or limited [1] by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or [2] by the granting of any private franchise for similar service within such area during the term of such loan; [3] nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b) provides, in effect, that the "service provided or made available" by the District shall not be "curtailed or limited" by the County, and sets forth three ways in which the District's service may be so deemed "curtailed or limited." The first way is by "inclusion of the area served" by the District "within the boundaries of any municipal corporation or other public body." The District does not contend that this proviso has application to the present case. In other words, there is no suggestion that the County has "included" the area served by the District within its, the County's, boundaries.

A second way of showing that the District's service is "curtailed or limited" by the County is by the latter's grant of "any private franchise for similar service within" the area served by the District. Again, the District does not claim that the County has granted any private franchise "for similar service within such area . . . ."

As we understand it, the District relies on the third alternative in § 1926(b) for establishing subject matter jurisdiction. That particular method provides that "the happening of any such event," i.e., presumably the "inclusion" by the County of area served by the District, or the granting of a private franchise for similar service within such area, shall not be "the basis" for requiring the District to "secure any franchise, license, or permit as a condition to continuing to serve the area served by the association [District] at the time of the occurrence of such event." We do not believe the facts of the present case bring the District within this third way.

From the record before us, it is not in dispute that the District is in debt to the federal government and that it seeks to compel the County to allow it to lay its pipe on and under the County's right of way. The District alleges in its complaint that it sought permission from the County to do so, and that the latter refused. In this connection, it is the County's position that it had itself recently completed extensive construction on the right of way in question, all of which would be damaged if the District were allowed to place its pipes.

We do not believe that the District has demonstrated that the County has curtailed

or limited the District's service in its area by any of the ways provided for in § 1926(b). The County has not included any part of the area served by the District within its municipal boundaries, nor has it granted any private franchise for similar service within the District's area of service. Further, the County is not in any manner attempting to secure any "franchise, license or permit" from the District. In short, the County is not taking any affirmative action against the District. Rather, it is the District that is affirmatively seeking to compel the County to allow it, the District, to install its pipe within the County's right of way.

We have held that the "purpose" behind § 1926(b) is to provide greater security for federal loans previously made to such entities as the District by protecting them from competition. In *Glenpool Utility Services v. Water District No. 2,* 861 F.2d 1211, 1214 (10th Cir. 1988) we said that § 1926(b) is a congressional mandate that local governments should not encroach upon the services provided by federally indebted water associations, "be that encroachment in the form of competing franchises, new or additional permit requirements, or similar means," citing *City of Madison, Miss. v. Bear Creek Water Ass'n. Inc.,* 816 F.2d 1057, 1059 (5th Cir. 1987). In this regard, in *Sequoyah County Rural Water District No. 7 v. Town of Muldrow,* 191 F.3d 1192, 1196 (10th Cir. 1999), we spoke as follows:

> This court has stated that "Congress enacted 7 U.S.C. § 1926(b) as part of a federal statutory scheme to extend loans and grants to certain associations providing soil conservation practices, water service or management, waste facilities, or

essential community facilities to farmers, ranchers, and other rural residents." *Glenpool Util. Servs. Auth. v. Creek County Rural Water Dist. No. 2,* 861 F.2d 1211, 1214 (10th Cir. 1988). "The legislative history of section 1926(b) demonstrates that Congress intended to protect rural water districts from competition in order to encourage rural water development." *City of Grand Junction v. Ute Water Conservancy Dist.,* 900 P.2d 8l, 88 (Colo. 1995); *see also* S. Rep. No. 566 (1961), *reprinted in* 1961 U.S.C.C.A.N. 2243, 2309 (explaining that 7 U.S.C. § 1926(b) was enacted "to assist in protecting the territory served by such an association facility against competitive facilities, which might otherwise be developed with the expansion of the boundaries of municipal and other public bodies into an area served by the rural system"). In addition, § 1926(b) was intended "to provide greater security for the federal loans made under the program." *Bell Arthur Water Corp. v. Greenville Utils. Comm'n.,* 173 F.3d 517, 520 (4th Cir. 1999).

Based on the undisputed facts, we conclude that the district court did not err in holding that the present case does not come within the ambit of § 1926(b) and that the District had posited no "federal question" necessary to show subject matter jurisdiction. Accordingly, Count 1 was properly dismissed. It follows that Counts 2 and 3, seeking declaratory judgment and an injunction to enforce the District's rights under § 1926(b), necessarily were subject to dismissal. As concerns Count 4, wherein the District alleged that the County breached its obligation under state law, 82 OKLA. STAT. § 1325.10(8), certainly the state statute, and any violation thereof, created no "federal question" necessary to establish jurisdiction in a federal court.

As indicated earlier, the District suggests that when the magistrate judge purported to grant the County's "motion to dismiss," there actually was no "motion to dismiss"

before the magistrate judge. From the chronology set forth at the outset of this order and judgment, such would appear to be correct. The County argues that even if there were no motion to dismiss before the magistrate judge, its dismissal of the complaint and entry of judgment for the County was proper under Fed. R. Civ. P. 12(h)(3). We agree. That rule provides as follows:

> (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Judgment affirmed.


Entered for the Court

Robert H. McWilliams
Senior Circuit Judge